IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **DONALD RAY MCCOWEN,** ) | | |
| **ID # 47716-177,** ) | | |
| Movant, ) | No. 3:16-CV-1909-B (BH) | |
| vs. ) | No. 3:14-CR-73-B (1) | |
| ) | | |
| **UNITED STATES OF AMERICA,** ) | | |
| Respondent. ) | Referred to U.S. Magistrate Judge | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

By *Special Order 3-251*, this habeas case has been automatically referred for findings, conclusions, and recommendation. Based on the relevant findings and applicable law, the motion to vacate, set aside, or correct sentence should be **DENIED** with prejudice.

**I. BACKGROUND**

Donald Ray McCowen ("Movant"), a federal prisoner, challenges his sentence in Cause No. 3:14-CR-73-B (1). (*See* docs. 1, 6, & 7.)[1]

Movant pleaded guilty to possession with the intent to distribute cocaine. (*See* doc. 50.) The United States Probation Office prepared a Presentence Report (PSR), applying the 2013 United States Sentencing Guidelines Manual (U.S.S.G.). (*See* doc. 35 at 5.) The PSR recommended that the Court sentence Movant as a Career Offender under U.S.S.G. § 4B1.1 because he had two prior Texas convictions for possession with the intent to distribute cocaine. *See* U.S.S.G. § 4B1.1(a) ("A defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance

---

[1] Unless otherwise indicated, all subsequent document numbers refer to the docket number assigned in the underlying criminal action, 3:14-CR-73-B (1).

offense."). The PSR calculated Movant's Guideline Sentence range as 151 to 188 months, but noted that his plea agreement called for a maximum sentence of 120 months' imprisonment. (*See* docs. 42 & 44.) The Court adopted the PSR and sentenced Movant to 120 months' imprisonment, with a 3-year term of supervised release. (*See* doc. 50.)

Movant filed a direct appeal, but it was dismissed on February 17, 2016. *See United States v. McCowen*, 633 F. App'x 858 (5th Cir. 2016) (per curiam). He did not file a petition for a writ of certiorari.

Movant's initial § 2255 motion claimed that the Court violated his right against double jeopardy. (*See* 3:16-CV-1909-B, doc. 1 at 7.) He withdrew that claim, however, and instead raises two challenges to his sentence. (*See* 3:16-CV-1909-B, doc. 6 at 2.) He first argues that the Court erred in applying the Career-Offender enhancement because, after *Mathis v. United States*, 136 S. Ct. 2243 (2016), *United States v. Hinkle*, 832 F.3d 569 (5th Cir. 2016), and *United States v. Tanksley*, 848 F.3d 347, 352 (5th Cir. 2017), his prior convictions no longer qualify as controlled substance offenses under § 4B1.1. (*See id.* at 2-8.) Second, he claims that his counsel was ineffective for failing to raise that argument. (*See id.* at 11-12.)

## II. SCOPE OF RELIEF AVAILABLE UNDER § 2255

"Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *United States v. Gaudet*, 81 F.3d 585, 589 (5th Cir. 1996) (citations and internal quotation marks omitted). "Misapplications of the Sentencing Guidelines fall into neither category and hence are not cognizable in § 2255 motions." *United States v. Williamson*, 183 F.3d 458, 462 (5th Cir. 1999).

### III. *MATHIS V. UNITED STATES*

After Movant's conviction became final, the United States Supreme Court announced *Mathis v. United States*, 136 S. Ct. 2243 (2016). In *Mathis*, the Court clarified when courts may use the modified categorical approach to narrow a statute to determine if it qualifies as a certain type of offense under federal criminal and immigration laws. *See id.* at 2253. Applying *Mathis*, the Fifth Circuit has held that the Texas crime of delivery of a controlled substance is not a controlled substance offense within the meaning of § 4B1.1. *See Hinkle*, 832 F.3d at 571. The Fifth Circuit later applied *Mathis* to hold that the Texas crime of possession with intent to deliver a controlled substance is no longer a controlled substance offense under § 4B1.1. *See Tanksley*, 848 F.3d at 352.

Here, Movant relies on *Mathis*, *Hinkle*, and *Tanksley*, to "attack[] head-on the sentencing court's application of § 4B1.1" on the ground that his prior Texas convictions are no longer controlled substance offenses. *Williamson*, 183 F.3d at 462. His challenge to the Court's application of the Sentencing Guidelines is not cognizable in this collateral proceeding, however. *See id.*; *see also, e.g.*, *Fisher v. United States*, No. 4:17-CV-50, 2017 WL 3781855, at *2 (E.D. Tex. July 13, 2017), *rec. adopted* 2017 WL 3725295 (E.D. Tex. Aug. 28, 2017) ("[R]elief is unavailable under § 2255 based on *Mathis*, *Hinkle*, and *Tanksley*" because "the technical application of the Sentencing Guidelines does not raise an issue of constitutional dimension for purposes of § 2255 proceedings."); *Reeves v. United States*, No. 4:17-CV-268-O, Dkt. No. 3 at 3 (N.D. Tex. Dec. 4, 2017) (same). There is no merit to Movant's first claim.

### IV. INEFFECTIVE ASSISTANCE OF COUNSEL AT SENTENCING

Movant also claims that his counsel rendered ineffective assistance when he failed to challenge the Court's application of the Career-Offender enhancement on the grounds set out in

3

*Mathis* and applied in *Tanksley*.

The Sixth Amendment guarantees a criminal defendant "reasonably effective assistance" of counsel. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To prevail on his ineffective assistance claim, Movant must establish both that (1) his counsel's representation fell below an objective standard of reasonableness, and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. *Id.* at 687-691, 694.

In determining whether counsel's representation was deficient, courts "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689. "Although a failure of counsel to be aware of prior controlling precedent in even a single prejudicial instance might render counsel's assistance ineffective under the Sixth Amendment," it is well-established "that there is no general duty on the part of defense counsel to anticipate changes in the law." *United States v. Fields*, 565 F.3d 290, 295 (5th Cir. 2009) (citations and internal quotation marks omitted). In the specific context of counsel's performance at sentencing, the Fifth Circuit has "explained that, of course, counsel's inability to foresee future pronouncements which will dispossess the Court of power to impose a particular sentence which is presently thought viable does not render counsel's representation ineffective." *Id.* (internal quotation marks omitted).

Here, Movant claims only that his counsel should have challenged the Court's finding that his prior Texas convictions for possession with intent to deliver a controlled substance were controlled substance offenses under § 4B1.1. When he was sentenced, however, his prior convictions did qualify as controlled substance offenses. *See United States v. Ford*, 509 F.3d 714, 717 (5th Cir. 2007) (holding that the Texas crime of possession with intent to deliver a controlled substance was a controlled substance offense within the meaning of § 4B1.1). *Ford* was the law in

4

this Circuit until it was abrogated in *Tanksley*–two years after Movant was sentenced. *See Tanksley*, 848 F.3d at 352 (holding that "*Ford* cannot stand" in light of *Mathis*). Because *Ford* was controlling authority when Movant was sentenced, and because his counsel was under no duty to anticipate the abrogation of *Ford*, Movant cannot establish deficient performance here. *See Cooks v. United States*, 461 F.2d 530, 532 (5th Cir. 1972) ("Clairvoyance is not a required attributed of effective representation."). Movant's second claim also lacks merit.

## V. RECOMMENDATION

The motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 should be **DENIED** with prejudice.

**SIGNED** this 18th day of January, 2018.

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE